## W. O. BRADLEY *v.* R. M. BRADLEY ET AL.

**Attaching Creditor—Prior Lien on Increased Price of Sale.**

The increased price at which land was sold, after the first sale had been set aside, held to be a part of the proceeds of the attached property, and the attaching creditors had acquired liens on it as valid and available to them, as were their liens on the land.

**Same—Prior to Lien of Attorney for Services.**

The liens of the attaching creditors were prior in time and superior to any which the attorney for the debtor acquired on said increased price, by his services rendered.

**Possession by Debtor of Attached Land Until Valid Sale.**

The debtor is entitled to remain in possession of land attached, until a valid judgment of sale is rendered, and a legal sale made thereof.

**Debtor and Creditor—Lien on Rent Before Valid Sale.**

The attaching creditors have no lien on the rents, which the debtor was deprived of by reason of the illegal sale of his land.

**Attorney and Client—Lien for Fee, on Rent Accrued.**

The attorney for the debtor is entitled to a superior lien, for a reasonable attorney fee, on the rents accruing on the attached land from the time the debtor was dispossessed, until the second, valid sale.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 14, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The increased price at which the lands of G. J. Salter sold, after the first sale had been set aside, was a part of the proceeds of his property which had been attached by his creditors, whereby they had acquired liens on it as valid, and available to them as were their liens on the lands.

The liens of these creditors were prior in time, and superior to any which appellant could have acquired on said increased price by his services rendered for the debtor; at least the whole of the debts of said creditors shall have been satisfied.

But the accruing rents, after the preferred bidders at the first sale were put in possession of the lands, are in a very different condition.

From all that appears in this case the debtor and his family should have remained in possession of the lands until a valid judgment was rendered for a sale of them, and a legal sale thereof made. They were, however, put out of possession by virtue of sales which were subsequently set aside, and the ostensible purchasers put in. After said sales were set aside an account of rents, etc., was taken, which shows a large amount of which Salter, the debtor, was deprived by being put out of possession of the lands before valid sales thereof were made; upon these rents the creditors had no lien, certainly not superior to that of the appellant and his assigner by whose services over $10,000 were saved to them by the advanced price at which the lands sold, after the first sales were set aside, as appears from the allegations of the petition, and which are not controverted, but stand admitted, as the case is now presented.

Wherefore, the judgment rejecting appellant's petition to be remunerated for the services rendered by his assignor and himself to the extent of reasonable fees as attorneys, out of the rents which had accrued from the period when Salter and his family were dispossessed of the lands until the second sale of those lands, is reversed, and the cause is remanded with directions to permit said petition to be filed, and for further proceedings consistent herewith.

The appellant and his assignor appear from the uncontroverted allegations of the petition to be entitled to an allowance for reasonable fees for their services as attorneys and in the various

courts in which they attended said cases, for Salter, the debtor, in all cases, to be ascertained by a reference to the master, and to be paid out of the rents accrued between the periods named, and for which they have a lien superior to the other creditors of Salter. And W. O. Bradley as assignee of R. M. Bradley will be entitled to whatever may be allowed him.

*Bradleys, for appellant.*